IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**KISHARA MIXON-WINDING**                                                          **PLAINTIFF**

**VERSUS**                                                                   **NO.** 2:23-cv-117-KS-MTP

**HMP NURSING SERVICES, INC.**                                          **DEFENDANT**

                                                                        **JURY TRIAL DEMANDED**

## COMPLAINT

This is an action to recover actual and punitive damages for violations of both federal and state law. The following facts support the action:

1.

Plaintiff KISHARA MIXON-WINDING is an adult resident of 1265 Eatonville Road, Hattiesburg, Mississippi 39401.

2.

Defendant HMP NURSING SERVICES, INC. is a Mississippi for profit corporation. Defendant may be served with process by service upon its registered agent, Stephen A. Worrel, at 100 West Pine Street, Hattiesburg, Mississippi 39401. At all relevant times, Defendant had a contract with the Mississippi Department of Child Protection Services ("CPS"), whereby Defendant carried out legal obligations to care for dependent minors who did not have adult supervision.

3.

This Court has federal question jurisdiction under 28 U.S.C. § 1331, civil rights jurisdiction

under 28 U.S.C. § 1343, and Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e(3)(a). This Court also has supplemental jurisdiction over Plaintiff's state law claims.

4.

Defendant contracted with the Mississippi Department of Child Protective Services ("CPS") to provide care and supervision for a sixteen (16) year old minor female.

5.

Plaintiff was assigned to keep the minor in her custody for a three (3) day period of time.

6.

On approximately April 13, 2022, the minor reported to Plaintiff that she was the victim of sex crimes by a CPS worker. Specifically, the minor reported that Adrian Cavenaugh, a caseworker employed by CPS and assigned to this minor's case, had been repeatedly soliciting sex from the minor. Plaintiff observed information on the minor's cell phone indicating that this information was likely true. Plaintiff verbally reported the sexual harassment to her immediate supervisor, as was her legal duty. Plaintiff made these reports on August 14, 2022, to her immediate supervisor and also sent a hotline message to her employer describing the sexual harassment.

7.

Rather than commending Plaintiff for reporting the sexual harassment, Plaintiff's immediate supervisor, Nikki Williams, informed Plaintiff that she had "overstepped" her boundaries. Plaintiff's supervisor informed Plaintiff that she should not return to work on April 15, 2022 or April 16, 2022. After Plaintiff sent an email of protest, Defendant terminated Plaintiff's employment.

8.

Plaintiff's discharge violated:

A. The opposition clause of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e(3)(a). Plaintiff was discharged because she opposed what she reasonably believed to be unlawful conduct; to-wit, the sexual harassment of the minor by an employee of CPS, the agency with which Plaintiff's employer had contracted; and

B. The public policy of the State of Mississippi, because Plaintiff was discharged because she reported crimes against the minor to her employer. MISS. CODE ANN. § 97-5-33(6) makes it a felony for any person "by any means . . . [to] knowingly entice, induce, persuade, seduce, solicit, advise, coerce, . . . a child to meet with . . . any other person for the purpose of engaging in sexually explicit conduct." This crime is punishable for a term of up to forty (40) years imprisonment. MISS. CODE ANN. § 97-5-35. Furthermore, MISS. CODE ANN. § 43-21-353, imposes a duty on caregivers to report abuse to CPS. Plaintiff made reports to the persons who were the logical persons to report the sexual harassment of a minor.

9.

Plaintiff has filed an EEOC charge, attached hereto as Exhibit "A," and received the right to sue letter, attached hereto as Exhibit "B."

10.

Plaintiff has suffered mental anxiety and stress and lost income as a result of her termination. Additionally, Defendant's actions are outrageous, such that punitive damages are due.

**REQUEST FOR RELIEF**

Plaintiff requests actual and punitive damages in an amount to be determined by a jury, and reinstatement. Plaintiff also requests reasonable attorneys' fees, costs, and expenses.

3

RESPECTFULLY SUBMITTED, this the 14th day of August, 2023.

                                                KISHARA MIXON-WINDING, Plaintiff

By:   */s/ Jim Waide*
        Jim Waide, MS Bar No. 6857
        waide@waidelaw.com
        Rachel Pierce Waide, MS Bar No. 100420
        rpierce@waidelaw.com
        WAIDE & ASSOCIATES, P.A.
        332 North Spring Street
        Tupelo, MS  38804-3955
        Post Office Box 1357
        Tupelo, MS  38802-1357
        (662) 842-7324 / Telephone
        (662) 842-8056 / Facsimile

ATTORNEYS FOR PLAINTIFF